IN THE UNITED DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| M.W., a minor child, by and through R.W. ) <br> and K.W., her parents and next friends, and ) <br> R.W. and K.W., individually, ) <br> ) <br> Plaintiffs, ) <br> v. ) <br> ) <br> PIPER UNIFIED SCHOOL DISTRICT #203, ) <br> and BOARD OF EDUCATION, PIPER ) <br> UNIFIED SCHOOL DISTRICT #203, ) <br> ) <br> Defendants. ) | Case No. 06-CV-02328-CM-DJW |

**PROTECTIVE ORDER**

On this 25th day of April, 2007, the above-captioned matter comes for consideration by the Court. The parties have requested a Protective Order because the Plaintiffs seek to discover personnel files and other information regarding Piper Unified School District #203 employees that constitutes confidential information. In addition, the parties will seek deposition testimony on these topics and the parties will request that the same be designated as confidential.

Due to the nature of certain of the allegations contained in the Plaintiffs' Complaint, the Court finds that it may be necessary for Defendant to produce relevant personnel files and other non-public information, documents, and things regarding certain employees (hereinafter referred to as "Confidential Documents"). However, the Court also finds that this information is privileged and confidential and that the release of this information through the ordinary discovery process could compromise the confidentiality of these documents.

IT IS THEREFORE, ORDERED, ADJUDGED, AND DECREED:

1. All documents produced by the parties in this action which are Confidential Documents shall, prior to their production, be designated and stamped "Confidential - Produced Subject to Protective Order" and will be considered subject to this Protective Order.

2. Only "Authorized Personnel" shall view the documents. For purposes of this Protective Order, the term "Authorized Personnel" shall mean:

    a. Counsel for the Plaintiffs;

    b. Counsel for Defendants;

    c. Secretarial and other personnel at the office of counsel of the parties who have need to work with the documents for purposes related to the prosecution of this lawsuit; and

    d. Expert witnesses of the parties to this action.

3. Each of the Authorized Personnel shall review this Protective Order and execute an Acknowledgment in the form annexed hereto as Exhibit A. Signed forms shall be maintained by counsel for each party and at the conclusion of this litigation, including any appeals, shall be provided to counsel for Plaintiffs and Defendant. Parties to this action are also required to execute an Acknowledgment. Attorneys are not required to execute an Acknowledgment, but shall be bound by this Order in any event.

4. Counsel to whom Confidential Documents are produced shall maintain said documents in a safe manner, and safeguard the confidential documents and not permit them to be inspected by anyone other than Authorized Personnel.

5. Authorized Personnel shall not reveal the contents of the Confidential Documents to any person or otherwise utilize the Confidential Documents in anyway that would publish the information contained therein, other than is necessary to prosecute this action.

6. The Authorized Personnel to whom the Confidential Documents are produced shall not make any additional copies except as may be necessary for the trial of this action.

7. A party wishing to file any Confidential Document with the Court shall first file a motion with the Court and be granted leave to file the particular Confidential Document under seal.

8.  All testimony regarding documents and topics that are deemed confidential within the meaning of this Protective Order shall be marked by the Court Reporter and shall be treated as Confidential Documents unless this Court orders otherwise.

9.  Authorized Personnel who receive Confidential Documents from either party are ordered to return them, including all copies, to the parties' counsel within 90 days after the termination of this litigation, including any appeals.

10. This Protective Order does not constitute a ruling on the question of whether any particular document is properly discoverable and does not constitute any ruling on any potential objection to the discoverability of any document.

**IT IS SO ORDERED**,

_____

  /s/ Ruth M. Benien
Ruth M. Benien
Benien Law Offices, Chtd.
Security Bank Bldg., Suite 603
707 Minnesota Avenue
Kansas City Kansas 66101
(913) 621-7100/Fax: (913) 660-0097
nortonbunky@sbcglobal.net
and

Jay Thomas
Law Offices of Jay Thomas, P.A.
10561 Barkley, Suite 510
PO Box 27307
Overland Park, Kansas 66225
(913) 451-1616/Fax: (913) 341-0007
jthomas@jtpalaw.com
**ATTORNEYS FOR PLAINTIFFS**

  /s/ Daniel C. Estes
Daniel C. Estes, destes@fisherpatterson.com #19491
51 Corporate Woods, Suite 300
9393 West 110th Street
Overland Park, Kansas 66210
(913) 339-6757 / (913) 339-6187 (FAX)
**ATTORNEYS FOR DEFENDANTS**

## **EXHIBIT A**

## **ACKNOWLEDGMENT OF TERMS OF PROTECTIVE ORDER**

The undersigned hereby acknowledges that he/she has read and agrees to be bound by the terms of the Protective Order entered in this matter on _____ day of _____, 2007, in Case № 06-CV-02328-CM-DJW in the United States District Court for the State of Kansas, entitled *, M.W., a minor child, by and through R.W.and K.W., her parents and next friends, and R.W. and K.W., individually, Plaintiffs v. Piper Unified School District #203,and Board of Education, Piper Unified School District #203*, and the undersigned agrees that he/she will not reveal any information designated as Confidential and will not use any confidential information for any purpose other than for the prosecution of the lawsuit described herein.

DATE:_____          _____
                              (Name)
                              _____
                              (Address)
                              _____
                              (City, State, Zip)
                              _____
                              (Telephone Number)
                              _____
                              (Title)

O0242489.WPD